UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON C.,

                    Plaintiff,

      v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

                  Defendant.

Case No. 3:25-cv-05404-TLF

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

…

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations

1

omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

Plaintiff filed applications for DIB and SSI in November 2020; he is alleging disability since December 6, 2018, and his date last insured was December 2023. AR 18. Plaintiff alleged an inability to work due to obstructive sleep apnea, major depressive disorder, back pain, traumatic brain injury, breathing issues, shoulder and foot arthritis, and insomnia. AR 286.

His applications were denied initially and on reconsideration, and then a hearing was held before ALJ Laureen Penn on April 17, 2024. AR 40-68. On May 7, 2024, the ALJ found plaintiff not disabled. AR. 15-39. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. AR 1-6.

ALJ Penn found plaintiff to have the following severe impairments: lumbar and cervical degenerative disc disease, major depressive disorder, generalized anxiety disorder, insomnia, posttraumatic stress disorder, and sequelae of traumatic brain injury. AR 21. As a result, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) except

> he can lift and carry twenty pounds occasionally, ten pounds frequently. He can stand for four hours at a time and for four hours total. He can walk for three hours at a time and for four hours total. He can sit for six hours at a time and for six hours total. He can frequently climb stairs and ramps, stoop,

and crouch. He can occasionally kneel, crawl and climb ladders, ropes, or scaffolds. He can frequently push and pull with the right upper extremity and he can frequently reach overhead bilaterally. He cannot have concentrated exposure to pulmonary irritants, such as fumes, odors, dusts, gases, or poor ventilation and he cannot have concentrated exposure to hazards including unprotected heights and moving machinery. He can understand, remember and carry out simple instructions. He can occasionally interact with supervisors, coworkers and the public but cannot engage in teamwork and cannot provide direct customer service. He can sustain concentration and persistence for two hours at a time. He can deal with occasional changes in a routine work setting.

AR 24.

## DISCUSSION

### 1.  Whether the ALJ harmfully erred in her analysis of the medical opinions

Under the revised regulations, an ALJ must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 404.1520c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. § 404.1520c(c)(1), (c)(2). The ALJ is not required to take every opinion of medical professionals at "face value". *Ford v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022). However, "[e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Id*. at 792.

### A.  Opinions of Dr. Sharette and Dr. Morgan

Examining psychologist, Dr. Johnathan Sharrette, Ph.D, examined plaintiff for the Washington State Department of Social and Health Services (DSHS) on November 1,

3

2020 and assessed numerous marked and severe limitations in work-related functioning. AR 403-08. The ALJ found this opinion to be partially persuasive, because, although it was supported by Dr. Sharrette's findings, it was conducted using DSHS standards and only partially consistent with the record. AR 27.

On November 3, 2020, David T. Morgan, Ph.D., reviewed Dr. Sharrette's evaluation, and affirmed the limitations assessed by Dr. Sharrette. AR 1143-44. The Review of Medical evidence simply states, "client reports a history of substance abuse but mental health issues appear independent"; the form is mostly just check boxes with no explanation. *Id*. There is nothing marked under the "comments" section. *Id*. at 1145. The ALJ reasonably found the opinion to be less persuasive because it was completed by checkbox with little to no explanation using DSHS standards, and not consistent with the record at the time of the decision. AR 30.

The ALJ found both opinions to be only partially consistent with the longitudinal record, citing evidence of symptom stability, conservative treatment, and largely normal mental status examinations. AR. 30. In reviewing these opinions, the ALJ acknowledged abnormal findings like a constricted, blunted affect, but also pointed to Dr. Sharrette's determination that plaintiff had fair judgment and no significant abnormalities. *Id*. Although plaintiff reported suicidal thoughts and occasionally losing his temper, the ALJ cited to the record to explain plaintiff "did not need any inpatient crisis management and stabilization, his symptoms generally remained stable with occasional adjustments to his medications, he continued to live with others and go on occasional road trips, and his other examiners frequently did not note any confusion, distractibility, forgetfulness, or inattentiveness." *Id*.

Plaintiff argues that the ALJ erred by failing to discuss each specific marked limitation described by Dr. Sharrette, by not finding the DSHS standards instructive, and by not citing recent evidence "that is actually meaningfully inconsistent with Dr. Sharrette's opinion." Dkt. 12 at 4.  The regulations do not require the ALJ to conduct an analysis of each opined limitation or replicate a doctor's medical opinion – the ALJ must articulate how persuasive the opinion is based on supportability and consistency.

The ALJ erred by discounting the medical opinions on the basis that they were performed for Washington State DSHS. *See Moe v. Berryhill,* 731 Fed. Appx. 588, 590 (9th Cir. 2018); *Holbrook v. Berryhill,* 696 Fed. Appx. 846 (9th Cir. 2017) (holding that the ALJ erred by discounting a physician's opinion that was based on an examination conducted for state disability, rather than federal). The ALJ did not give any reason for deciding the Washington State DHSH evaluation would be less informative or reliable. The criteria used by DSHS are markedly similar to the Social Security disability program criteria. See Wash. Admin. Code § 182-512-0050 (citing to federal statutes and regulations for Social Security Disability criteria and incorporating them into the Washington Administrative Code for DSHS review of disability claims).

But the ALJ reasonably found that the marked limitations were inconsistent with the record and the medication management of his symptoms (*e.g.* AR 430-33: "Plaintiff feels his medications "have done him well"; mood, affect, and judgment normal, "He feels that he is doing well in his current medication regimen that he has been on for years…He feels that he is doing well."), engaged in activities such as road trips with friends (*e.g.* AR 612, 1204), and frequently exhibited normal cognition and behavior on examination (*e.g.* AR 457-58). The ALJ had at least one legally supportable reason for

discounting Dr. Sharrette's and Dr. Morgan's opinion, and the Court finds the ALJ's opinion that Dr. Sharrette's and Dr. Morgan's opinion is inconsistent with other medical record evidence is supported by substantial evidence.

**B. Dr. Cunningham**

Dr. Margaret L. Cunningham evaluated plaintiff based on DSHS in January 2023 and assessed multiple marked limitations for a majority of the applicable criteria. AR 984-87. The ALJ found the opinion partially persuasive because, although it was based on Dr. Cunningham's exam findings, it used DSHS standards and was only partially consistent with the record. AR 31.

The ALJ further found the marked limitations inconsistent with the broader record, including evidence of improvement and largely normal findings across multiple visits. AR. 31 (citing, *e.g.*, AR 430-33, 516-19, 612, 614, 695-96, 1183-85). The ALJ reiterated that record showed plaintiffs symptoms remained stable with some medication adjustments. *Id*.

The ALJ erred by discounting this medical opinion on the basis that it was performed for Washington State DSHS. *See, Moe v. Berryhill,* 731 Fed. Appx. 588, 590 (9th Cir. 2018); *Holbrook v. Berryhill,* 696 Fed. Appx. 846 (9th Cir. 2017) (holding that the ALJ erred by discounting a physician's opinion that was based on an examination conducted for state disability, rather than federal). The ALJ did not give any reason for deciding the Washington State DHSH evaluation would be less informative or reliable. As discussed above, criteria used by DSHS are markedly similar to the Social Security disability program criteria. See Wash. Admin. Code § 182-512-0050 (citing to federal statutes and

regulations for Social Security Disability criteria, and incorporating them into the Washington Administrative Code for DSHS review of claims).

Plaintiff contends that the ALJ failed to address specific limitations and improperly relied on isolated normal findings. However, the ALJ's decision sufficiently links her conclusions to record evidence. This is sufficient under the deferential standard articulated in *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). The ALJ had at least one legally supportable reason for discounting Dr. Cunningham's opinion, and the Court finds the ALJ's opinion that Dr. Cunningham's opinion is inconsistent with other medical record evidence is supported by substantial evidence.

**C. Dr. Dawood**

Dr. Ayad Dawood, M.D., examined plaintiff, as well as his medical records, in September 2022 and assessed physical limitations, including standing and walking restrictions. AR 682-89. Dr. Dawood opined that in an average workday, plaintiff could stand four hours, walk up to three hours at a time and four hours total, and sit for six hours, and plaintiff can frequently push and pull with his right arm; can frequently crawl; and can frequently work with moving machinery. AR. 687-89. The ALJ found this opinion persuasive. AR 31.

The ALJ explained that Dr. Dawood's opinion was supported by largely normal findings, contrary to plaintiff's complaints of back, neck, Achilles, and bicep pain, including full strength, normal gait, and negative straight leg raise testing. AR 31 (citing AR 683–87). She also found it consistent with the broader record, including conservative treatment, lack of significant mental or cognitive abnormalities, and mild-

to-moderate imaging findings. *Id*. (citing AR 411, 413, 420-24, 435-37, 516-19, 521-25, 612, 614, 632-33, 695-96, 1078, 1183, 1185, 1206).

Plaintiff argues that the opinion "is not even fully consistent with his own findings." Dkt. 12 at 9 (citing AR 683-85). Plaintiff, in his reply clarifies that "Dr. Dawood's opinion did not fully account for his findings that Cook's fingers were excoriated, he had diminished reflexes in his Achilles and biceps tendons, and he had a reduced range of motion in his cervical spine." Dkt. 17 at 4 (citing AR 683-85). But the ALJ is not required to give reasoning for accepting the opinion of a medical expert.  *See Wade v. Astrue*, No. 09-215, 2010 WL 4867377, at *5 (E.D. Wash. Nov. 23, 2010) (holding an ALJ is "not required to include, verbatim, each limitation marked in a credited opinion," where the RFC is "a rational interpretation of the record.")

Consistency and supportability are the two most important factors in assessing the persuasiveness of a medical opinion. 20 C.F.R. § 416.920c(b)(2). The ALJ was persuaded by Dr. Dawood's opinion because she found it was fully supported by his examination notes, and consistent with plaintiff's longitudinal medical record. AR 30-31. The ALJ's reasoning satisfies the supportability and consistency requirements.

**D.  Prior Administrative Medical Findings**

The ALJ evaluated prior administrative findings from state agency consultants, including Drs. Bowers, Saylor, Tomak, and Eisenhauer. AR 28–30. She found these opinions partially persuasive. *Id*. Plaintiff alleges that, to the extent that Dr. Sheri L. Tomak's, Psy. D., and Dr. R. Renee Eisenhauer's, Ph.D, findings are inconsistent with Dr. Sharrette and Dr. Cunningham's opinion, the ALJ's findings lack supportability and consistency. Dkt. 12 at 9, 10.

Plaintiff also argues that the ALJ erred by failing to include Dr. Eisenhauer's limitation to "brief and superficial" interaction. AR 142. However, the ALJ limited plaintiff to occasional interaction with no teamwork or direct customer service. AR 24.

An ALJ is not required to adopt medical opinions verbatim but must translate them into an RFC. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).; *see also Wade v. Astrue*, No. 09-215, 2010 WL 4867377, at *5 (E.D. Wash. Nov. 23, 2010). As for Dr. Eisenhauer's opinion about plaintiff's social limitations, the ALJ restricted plaintiff to only occasional interaction with others -- very little, up to one-third of the time -- and no teamwork or direct customer service. AR 24; Social Security Ruling (SSR) 83-10 (defining "occasionally"). The RFC reasonably captures limited social interaction.

In reply, plaintiff argues Drs. Bowers and Saylor overstated plaintiff's capacity for standing and walking. Dkt. 5 at 11. Plaintiff did not fully brief his alternative arguments, and thus those challenges are not before the Court. *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("[The Court] will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review.").

### E.  Other Medical Evidence

Plaintiff cites treatment records documenting anxiety, irritability, poor memory, and abnormal clinical observations. Dkt. 12 at 7. He points to imaging studies that confirm degenerative spinal conditions. *E.g.*, AR 674, 676–77, 705, 692. He also cites evidence supporting persistent anxiety and abnormal findings documented by providers *E.g.* AR 462, 471, 496, 738, 1164.

The ALJ's interpretation of this medical evidence is rational. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). The ALJ's factual findings are entitled to deference: a reviewing court must affirm so long as "more than a mere scintilla" of evidence supports those findings. *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

Even "if the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The ALJ applied the correct legal standard and supported her findings with substantial evidence. Although plaintiff cites evidence potentially supporting greater limitations, the ALJ's interpretation of the record is rational and entitled to difference.

**2. Plaintiff's statements about limitations and symptoms**

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a plaintiff's credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). The ALJ's rationale must be "clear enough that it has the power to convince." *Smartt v. Kijakazi,* 53 F.4th 489, 499 (9th Cir. 2022).

"Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (*citing Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th

Cir.1995)). But an ALJ may not reject a claimant's subjective symptom testimony "solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain). Treatment records cannot be cherry-picked; the ALJ must consider a particular record of treatment in light of the overall diagnostic record. *Ghanim v. Colvin,* 763 F.3d at 1164.

An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

The ALJ concluded that plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms. AR 25. The ALJ concluded that plaintiff's symptoms concerning the intensity, persistence, and limited effects of his symptoms were "not entirely consistent with the medical evidence and other evidence in the record." AR 25. In support, the ALJ identified three primary categories: (1) plaintiff's activities of daily living, (2) objective medical findings, and (3) improvement with treatment.

The ALJ found that plaintiff's reported severe limitations, including concentration and understanding, social functioning, and ability to handle stress, were inconsistent with his daily activities. For example, plaintiff also wrote that he was "out of breath in no time," and that this and his back problems severely curtailed his physical activity. AR. 348, 353. He also testified that he could mow the lawn, but only with great difficulty. AR 60. The record reflects, and the ALJ noted, that plaintiff prepared simple meals, drove, shopped, and managed finances; he used public transportation, read, watched

11

television and played guitar, did chores and took care of his dog. AR 24, 27 (citing, *e.g.*, 60, 299-304, 311-15, 335, 338-42, 347-52, 683). Plaintiff also testified his rage and depression were so bad, he socialized "not much at all" and isolates himself in his room. AR 50.; *see also* AR 49 (testifying, regarding an argument with a coworker, "I had been thinking very closely if it didn't end right there that I was going to kill him."). In his function reports, he wrote that he was incapable of human interaction and rarely went outside. AR 312, 314, 349, 352. But the ALJ noted he lived with others, attended appointments and interacted with friends and family, including going on multi-day road trips. AR 27-28. (*e.g.* 587-93, 595, 599-601, 612, 718, 725-26, 730, 737-38, 742, 750, 759-60, 764, 767-68, 769, 771, 774-75, 783, 787-88, 794, 1204.).

An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ reasonably concluded plaintiff's allegations of near-total isolation, inability to interact with others, and extreme functional limits were contradicted by his activities.

The ALJ also conducted a detailed review of the medical records and found they did not support the severity of limitations alleged and provided numerous examples. AR 25-29, 32. When considering a claimant's statements, the ALJ must consider whether the claimant's statements are consistent with the objective medical evidence in the record. 20 C.F.R. § 416.929(c)(2); SSR 16-3p.

With respect to physical ailments, the ALJ noted that the plaintiff did not have any significant musculoskeletal, neurological, or physical abnormalities and conservative treatment was continued for his allegations of back and neck pain. AR 24 (citing AR

411, 413, 1078). Although plaintiff continued to report chronic back pain, the ALJ noted largely normal examinations with intact strength, normal gait, and minimal abnormalities and the record did not include any treatment notes from any specialists. AR 26 (citing AR 682-87). Plaintiff continued with conservative care, and as the ALJ noted, plaintiff's symptoms generally remained stable with medication. AR 26.

As for the severe mental health issues, the ALJ acknowledged intermittent symptoms including rage, irritability, and self- reports of anger, but noted the with medication adjustment, plaintiff's symptoms remained largely stable. AR 27, 28; *see also* AR 405, 460, 470, 551, 788, 1222, 1208 (plaintiff "shared he is doing better on long acting Depakote and he was able to take vacation with friend by flying with no anxiety and mood has been better with increase in Prozac. He is also looking forward to second trip with friend to Texas in the spring."), 1122 ("No new issues. Mood has been stable…Overall doing well on this combo of meds.").

Most mental status examinations showed plaintiff had normal cognition, memory, and thought processes; that he was consistently cooperative, oriented, and without psychosis, and providers repeatedly described plaintiff as stable or doing well. *See, e.g.*, AR 769 ("[Plaintiff]was in a good mood and reported having no anger issues of late…. [Plaintiff] seemed happy and content during this session and reported not having any issues he is dealing with that he can't handle on his own"); 782 (Plaintiff "was in a good mood and was his usual fairly happy self. Session was cooperative and interactive."); *see also Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with

13

medication are not disabling for the purpose of determining eligibility for [disability] benefits.")).

Plaintiff argues the ALJ improperly relied on activities that do not translate to full time work, the ALJ "cherry-picked" normal findings, improvement with treatment does not negate ongoing limitations, and the ALJ merely summarized the medical evidence without linking it to specific testimony. Dkt. 12 at 10-17.

Yet the ALJ properly looked at the longitudinal record and plaintiff's daily activities and relied on reasonably inconsistencies to conduct her analysis. The ALJ identified multiple reasons for discounting plaintiff's subjective testimony, including inconsistency with daily activities, objective medical evidence, and treatment history. These reasons are supported by substantial evidence.

### 3. Lay witness evidence

An ALJ is "not required to articulate" how they evaluated evidence from nonmedical sources. 20 C.F.R. §§ 404.1520c(d), 416.920c(d)). The Ninth Circuit has not clarified whether an ALJ is required, under the 2017 regulations, to provide "germane reasons" for discounting lay witness testimony. *See Stephens v. Kijakazi*, 2023 WL 6937296, at *2 (9th Cir. Oct. 20, 2023). Other relevant regulations indicate that ALJs will consider evidence from nonmedical sources when evaluating a claim of disability. *See, e.g.*, 20 C.F.R. §§ 404.1529(c)(1), 404.1545(a)(3), 416.929(c)(1), 416.945(a)(3). And, an ALJ may not reject "significant probative evidence" without explanation. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Plaintiff challenges the ALJ's treatment of a third-party function report completed by his sister, Tracey Strader. AR 299–306. Ms. Strader described plaintiff as largely

14

isolating in his room, experiencing significant anger and depression, struggling with stress, and requiring assistance with certain daily activities. AR. 299-300, 303, 305.

The ALJ addressed this evidence, stating that "the functional limitations alleged by [Ms. Strader] are generally consistent with those alleged by the claimant and have been considered in the rendering of this decision." AR. 25. Contrary to plaintiff's argument, the regulations applicable to this claim did not require the ALJ to provide a detailed articulation of how this nonmedical evidence was weighed. Dkt. 12 at 17; *see* 20 C.F.R. § 416.920c(d).

When lay witness statement is substantially similar to a claimant's subjective complaints, and the ALJ provides valid reasons for discounting the claimant's allegations, those reasons apply equally to the lay testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Because the Court has determined that the ALJ's evaluation of plaintiff's subjective symptom testimony was supported by substantial evidence, the ALJ did not err in her treatment of Ms. Strader's similar statements.[1]

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

Dated this 5th day of May, 2026.

---

[1] Because the Court finds the ALJ did not err in her reasoning, the Court will not address plaintiff's challenge to the ALJs reasoning of the residual functional capacity assessment (RFC) and at step five. Dkt. 12 at 18-19.

Theresa L. Fricke
United States Magistrate Judge